UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEVON NOBLES, et al.,

               Plaintiffs,

      v.

KRISTI NOEM,* as Secretary of
Homeland Security, et al.,

               Defendants.

No. 24 CV 9473

Judge Manish S. Shah

MEMORANDUM OPINION AND ORDER

Plaintiff Devon Nobles, a United States citizen, is married to plaintiff Anqi Liu, a citizen of the People's Republic of China. They filed this lawsuit against the Department of Homeland Security and the United States Citizenship and Immigration Services seeking judicial review of USCIS's decision denying Nobles's petition for alien relative application. Defendants move to dismiss the complaint for lack of subject-matter jurisdiction.

I.      **Legal Standards**

Federal Rule of Civil Procedure 12(b)(1) governs dismissals based on a lack of subject-matter jurisdiction. "In evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or facial challenge has been raised." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). A factual challenge is one where there is "in fact" no subject-matter jurisdiction, even if the pleadings are sufficient.

_____
* *See* Fed. R. Civ. P. 25(d).

*Id.* A facial challenge is one where the plaintiff has not "sufficiently alleged a basis of subject-matter jurisdiction." *Id.* (internal quotations omitted).

The defendants present a facial challenge to subject-matter jurisdiction, based on plaintiffs' complaint.[1] The plaintiffs bear the burden of establishing jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). At this stage, I accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiffs' favor. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

## II.    Facts

Plaintiff Devon Nobles is a U.S. citizen living in Lake County, Illinois, with his wife, plaintiff Anqi Liu, a citizen of the People's Republic of China. [1] ¶¶ 14–15.[2] Nobles was convicted of aggravated criminal sexual abuse involving a minor in 2013. [1] ¶ 38. Nobles and Liu married in 2015; Liu had full knowledge of Nobles's offense. [1] ¶¶ 38–39. Nobles has twice filed Form I-130, Petition for Alien Relative, with defendant USCIS, asking USCIS to recognize his and Liu's spousal relationship for immigration purposes. [1] ¶ 14. For this form to be approved, the Secretary of Homeland Security must determine that Nobles poses "no risk" to Liu. 8 U.S.C. § 1154(a)(1)(A)(viii).

---

[1] The defendants do not specify which type of challenge they present. The plaintiffs say the challenge is a factual one, but the defendants challenge whether, even if all the facts in plaintiffs' complaint are true, I have the authority to consider the case in light of 8 U.S.C. § 1252(a)(2)(B)(ii)'s jurisdiction-stripping language.

[2] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from plaintiffs' complaint, [1].

Nobles's first petition was denied in March 2019, in part because two sex-offender risk assessments he submitted were unsigned and the authorship was unknown, and because Nobles had been arrested for failing to report an address change and the disposition of the case was unknown. [1] ¶¶ 43–44. Nobles filed a second petition a month later. [1] ¶ 45. He incorporated the evidence submitted in his previous petition, including the sex-offender assessments that said he was not a risk to Liu. [1] ¶¶ 42, 45. He also submitted an affidavit in response to USCIS's previous denial, explaining who had completed the sex-offender assessments and why they were unsigned. [1] ¶ 45. Nobles also added an explanation for and the disposition of the charge of failing to report his address change, which resulted in a twelve-month conditional discharge that Nobles completed. [1] ¶ 45.

USCIS again issued a notice of intent to deny. [1] ¶ 46. Nobles submitted additional evidence, including another sex-offender risk assessment that stated Nobles posed no risk to Liu. [1] ¶ 47. USCIS denied Nobles's second petition. [1] ¶ 48.

Plaintiffs allege thirteen statutory and constitutional challenges to the process by which USCIS denied the I-130 petitions. [1] ¶¶ 53–107. DHS and USCIS move to dismiss the case for lack of subject-matter jurisdiction. [11].

## III.  Analysis

Generally, under the Immigration and Nationality Act, "any citizen of the United States claiming that an alien is entitled to…immediate relative status…may file a petition with the Attorney General for such classification." 8 U.S.C. § 1154(a)(1)(A)(i). "Immediate relatives" include spouses of a U.S. citizen.

3

§ 1151(b)(2)(A)(i). The Attorney General "shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative…approve the petition." § 1154(b).

But in 2006, Congress created an exception to this provision. The Adam Walsh Child Protection and Safety Act states that § 1154(a)(1)(A)(i) "shall not apply to a citizen of the United States who has been convicted of a specified offense against a minor, unless the Secretary of Homeland Security, in the Secretary's *sole and unreviewable discretion*, determines that the citizen poses no risk to the alien with respect to whom" an I-130 petition is filed. 8 U.S.C. § 1154(a)(1)(A)(viii)(I) (emphasis added).

Federal courts are courts of limited subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They may only hear cases if granted the power to do so by the Constitution and statutes. *Id.* In the Administrative Procedure Act, Congress gave federal courts the power to review agency action otherwise not reviewable. *Britkovyy v. Mayorkas*, 60 F.4th 1024, 1027 (7th Cir. 2023). "But Congress has sharply limited judicial review in the immigration context." *Id.* "[T]he APA's general provision authorizing judicial review of final agency actions must yield to…immigration-specific limitations." *Dijamco v. Wolf*, 962 F.3d 999, 1003 (7th Cir. 2020) (citing *Bultasa Buddhist Temple of Chi. v. Nielsen*, 878 F.3d 570, 574 (7th Cir. 2017)).

Section 1252 "prescribes the procedure for judicial review of final orders of removal and otherwise strips courts of jurisdiction to review orders of removal and

4

denials of discretionary relief." *Britkovyy*, 60 F.4th at 1028. The relevant jurisdiction-stripping provision reads, 8 U.S.C. § 1252(a)(2)(B):

> Notwithstanding any other provision of law (statutory or nonstatutory), … and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> > (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

The statute does "preserve[] judicial review in a narrow set of circumstances": for "legal and constitutional claims…brought in a petition for review from a final order of removal." *Britkovyy*, 60 F.4th at 1028; § 1252(a)(2)(D).

The jurisdictional bar in § 1252(a)(2)(B)(i) "trumps the APA's general grant of judicial review." *Id*. Section 1252(a)(2)(B)(ii) similarly bars judicial review for discretionary decisions, the type of decision at issue here, and I conclude that the analysis in *Britkovyy* applies equally to decisions under § 1252(a)(2)(B)(ii).

Nobles and Liu seek review of a discretionary decision under § 1154(a)(1)(A)(viii)(I). Liu has not been ordered removed. The statute "precludes judicial review of the denial of [Nobles's I-130] application, and § 1252(a)(2)(D) is inapplicable because [Liu] has not received a final order of removal." *Britkovyy*, 60 F.4th at 1028. I do not have subject-matter jurisdiction over most of the claims in this case.

5

A.    **Statutory Claims**

1.    *APA and failure to exercise discretion claims*

Plaintiffs argue that they do not seek to challenge the decision of USCIS to deny the petition, but rather "general policies and procedures other than" the decision, and so the court retains jurisdiction over their claims. [16] at 2. First, the plaintiffs claim that use of "beyond any reasonable doubt" exceeds the statutory authority delegated to the Secretary, and that it is *ultra vires*. Second, the plaintiffs claim that the imposition of this standard without the necessary notice-and-comment rulemaking procedures violates the APA. And third, the plaintiffs say USCIS failed to exercise its discretion at all because it failed to consider any of Nobles's evidence. They argue each challenge is a "legal" question, and the only decision that is "discretionary" is the "no risk" determination itself. But "although framed as presenting a legal question," each of the plaintiffs' counts "challenges how the Secretary, acting through the USCIS, has exercised [her] discretion to make a no-risk determination under the Adam Walsh Act. The INA therefore bars judicial review of these claims." *Bremer v. Johnson*, 834 F.3d 925, 930 (8th Cir. 2016).

The plaintiffs argue that the only discretionary decision is the determination of whether Nobles is "no risk" to Liu. But the "Act gives the Secretary sole and unreviewable discretion to *determine* if a citizen poses a risk." *Bourdon v. U.S. Dep't of Homeland Sec.*, 940 F.3d 537, 542 (11th Cir. 2019) (emphasis in original). "Determine" means "to fix conclusively or authoritatively" and "to find out or come to a decision about by investigation, reasoning, or calculation." Merriam-Webster's

6

Unabridged Dictionary, *available at* https://unabridged.merriam-webster.com/unabridged/determine (last accessed Mar. 11, 2025). The use of the word "determines" grants the Secretary "unreviewable discretion in both concluding that a petitioner poses no risk and the process by which the Secretary reaches this decision." *Bakran v. Sec'y, U.S. Dep't of Homeland Sec.*, 894 F.3d 557, 563 (3d Cir. 2018); *see also Bourdon*, 940 F.3d at 542 ("These definitions show that 'determine' encompasses making a final decision—*and* the method for reaching that final decision.").

Plaintiffs rely on *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479 (1991) to argue that the word "determination" means the ultimate decision USCIS makes, not the procedures it uses. [16] at 8. But the word determination, a noun, "does not appear in the statute" at issue here. *Bourdon*, 840 F.3d at 543 n.2. Instead, the verb "determines" does. In *McNary*, the statute at issue "provided that a specific determination could not be reviewed in the district court." *Id.* (quoting *Bremer*, 834 F.3d at 931). But here, "the Adam Walsh Act provides that the Secretary's discretion itself is 'sole and unreviewable.'" *Id.* (quoting *Bremer*, 834 F.3d at 931). Thus, "[t]he standards by which the Secretary reaches a decision within his or her 'sole and unreviewable discretion'—and the methods by which the Secretary adopts those standards—are just as unreviewable as the Secretary's ultimate decisions themselves." *Gebhardt v. Nielsen*, 879 F.3d 980, 987 (9th Cir. 2018). Every circuit that has confronted this issue has held the same. *Id.*; *Bourdon*, 940 F.3d at 542–43; *Bakran*, 894 F.3d at 563; *Bremer*, 834 F.3d at 931; *Privett v. Sec'y, Dep't of Homeland*

7

*Sec.*, 865 F.3d 375, 380–81 (6th Cir. 2017); *Roland v. U.S. Citizenship & Imm. Servs.*, 850 F.3d 625, 630 (4th Cir. 2017).

Nobles's and Liu's statutory challenges to the use of a "beyond any reasonable doubt" standard and the failure to exercise discretion in failing to consider evidence challenge the process by which USCIS made its decision. These procedural decisions by USCIS are "just as unreviewable as the Secretary's ultimate decisions themselves." *Gebhardt*, 879 F.3d at 987. "The Act allows the Secretary to determine what quantum of evidence is necessary to satisfy him that an applicant poses no risk to a visa beneficiary. It would usurp the Secretary's discretion to require the agency to exercise discretion in favor of a person who meets only some lower standard of proof." *Bremer*, 834 F.3d at 931. I do not have subject-matter jurisdiction to address these claims.

Plaintiffs claim that the cases above "overlook Congress' limitation on its jurisdiction-stripping to discretionary determinations 'with respect to whom a petition is described in clause (i) is filed." [16] at 10. They argue that decisions "made 'with respect to' a specific adjudication are different from decisions made as to how to adjudicate generally," and § 1154(a)(1)(A) only strips courts of jurisdiction to review decisions made with respect to a specific adjudication. [16] at 10–11. But the phrase "with respect to" refers to "the alien," which is clear from the use of "whom"—a pronoun referring to a *person*—following the phrase. *See* Merriam-Webster's Unabridged Dictionary, *available at* https://unabridged.merriam-webster.com/unabridged/whom (last accessed Mar. 11, 2025). The statute gives the

Secretary total and unreviewable discretion to determine whether the petitioner poses a risk to the beneficiary of the petition filed pursuant to § 1154(a)(1)(A)(i). Because the plaintiffs' statutory claims challenge how USCIS exercised its discretion in coming to a decision on Nobles's petition, the INA bars review, and Counts I–III of the complaint must be dismissed.

2. *Application of the Adam Walsh Act to adult beneficiaries*

Plaintiffs also claim that USCIS exceeded its delegated authority by applying the Adam Walsh Act amendments to an I-130 petition with an adult beneficiary. While I lack jurisdiction to review the grant or denial of the petition itself, I retain jurisdiction over "predicate legal questions," such as "whether Clause (viii) is inapplicable." *Bremer*, 834 F.3d at 929; *Privett*, 865 F.3d at 380. The question of applicability comes *before* the decision that was within the Secretary's discretion. *Privett*, 865 F.3d at 379; *Bremer* 834 F.3d at 929 ("predicate legal questions" include "whether statutory conditions precedent to the agency's authority to exercise discretion have been satisfied"). The plaintiffs argue that Clause (viii) is inapplicable, because Liu is an adult, and the Adam Walsh Act seeks to protect children. Whether § 1154(a)(1)(A)(viii) applies to adult beneficiaries is a predicate legal question over which I have jurisdiction. The defendants' motion to dismiss Count IV of the complaint for lack of jurisdiction is denied.

Although discouraged, especially when a party has not been given notice and an opportunity to respond, a court can dismiss a claim on its own motion when it

appears beyond doubt that plaintiff can prove no set of facts in support of a claim for relief. *See Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011); Fed. R. Civ. P. 12(b)(6).

Under Fed. R. Civ. P. 12(b)(6), plaintiffs must allege facts that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Even accepting all the facts in Nobles's and Liu's complaint as true, the statute precludes any relief, because there is no differentiation between adult and minor beneficiaries in the statute. *See Zellner*, 639 F.3d at 378.

"If the statutory language's plain meaning is unambiguous, our inquiry ends there." *United States v. Melvin*, 948 F.3d 848, 852 (7th Cir. 2020). The statutory language of § 1154(a)(1)(A)(viii)(I) is unambiguous. Clause (viii) governs risk determinations "with respect to" a person who had a I-130 petition filed on their behalf. There is no language indicating that person must be a minor. *See Struniak v. Lynch*, 159 F. Supp. 3d 643, 657 (E.D. Va. 2016) ("[T]he plain and unambiguous language of § 1154(a)(1)(A)(viii)(I) applies to all beneficiaries."). Nothing in the statute limits the discretion of the Secretary to only petitions where the beneficiary is a child. The plaintiffs' argument about the application of the Adam Walsh Act to adult beneficiaries fails as a matter of law because the statute clearly states the opposite. *Id.* at 659. "Not only *may* the USCIS apply the [Adam Walsh Act] to petitioners with adult beneficiaries, but it *must.* Accordingly, plaintiffs' APA § 706(2)(C) challenge to the [Adam Walsh Act's] application to petitioners with adult beneficiaries must be dismissed for failure to state a claim." *Id.* (emphasis in original).

Any amendment would be futile, because no matter what facts the plaintiffs allege, the statutory language is unambiguous that the Adam Walsh Act applies to adult beneficiaries. *See Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). The claim is dismissed with prejudice.

### B. Constitutional Claims

The plaintiffs also argue that their constitutional claims must be within the court's power because it would otherwise insulate USCIS from liability if it took clearly unconstitutional actions. *See* [16] at 13. The circuits who have addressed this issue are split. The Sixth Circuit has held that it did not have jurisdiction over constitutional claims, reasoning that the exception to bringing constitutional claims "is limited to those claims and questions raised in orders of removal, not actions like a denial of a I-130 petition, because [the provision that does not preclude judicial review of constitutional claims,] § 1252(a)(2)(D) applies to removal appeals only." *Privett*, 865 F.3d at 381. The Fourth Circuit concluded the same. *Roland*, 850 F.3d at 629. The Third and Eighth Circuits have held that the jurisdictional bar does not apply to colorable constitutional claims. *Bakran*, 894 F.3d at 564; *Bremer*, 834 F.3d at 932.[3]

_____

[3] The Ninth Circuit assumed without deciding that the Adam Walsh Act allowed it to review colorable constitutional claims and so addressed the plaintiffs' constitutional claims. *Gebhardt*, 879 F. 3d at 988. In another context, the Ninth Circuit has held that even statutory language that on its face bars judicial review, including constitutional challenges, does not bar review of constitutional claims without explicit language barring that review. *Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 561 (9th Cir. 2019). The Eleventh Circuit in *Bourdon* did not consider the question, as the plaintiffs did not appeal the district court's dismissal of their constitutional claims. *Bourdon*, 940 F.3d at 547 n.6.

Case: 1:24-cv-09473 Document #: 20 Filed: 03/19/25 Page 12 of 15 PageID #:101

The Seventh Circuit has not yet addressed this precise issue. But in *Britkovyy*, the court analyzed § 1252, explaining that the section "prescribes the procedure for judicial review of final orders of removal and otherwise strips courts of jurisdiction to review orders of removal and denials of discretionary relief." 60 F.4th at 1028. Sections 1252(a)(2)(B) and (D), taken together, "provide for judicial review only of legal and constitutional claims and *only if those claims are brought in a petition for review from a final order of removal." Id.* (emphasis added). This language suggests that the jurisdictional bar applies in this case, even to Nobles's and Liu's constitutional claims.

The plaintiffs cite to *Bartlett v. Bowen*, 816 F.2d 695, 697 (D.C. Cir. 1987), which held that "there would be a clear violation of due process if Congress did in fact preclude any opportunity for an aggrieved claimant to obtain judicial review of one of its enactments." Generally, courts have applied a rigorous "clear and convincing" standard to determine whether a congressional enactment seemingly strips jurisdiction over constitutional claims to avoid serious constitutional due process concerns. *Id.* at 699–700; *see also Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 561 (9th Cir. 2019) (quoting *Elgin v. Dep't of Treasury*, 567 U.S. 1, 9 (1988)) ("[W]hen we construe 'a statute that purports to deny any judicial forum for a colorable constitutional claim,' we apply a heightened standard."). "In the absence of an explicit statutory provision that 'bars judicial consideration of appellee's constitutional claims,'… we should conclude that Congress did not intend to 'preclude consideration of colorable constitutional claims arising out of…actions' taken under a

federal statute." *Id.* (quoting *Johnson v. Robison*, 415 U.S. 361, 367 (1974), then *Webster v. Doe*, 486 U.S. 592, 603 (1988)). This is necessary to avoid "the serious constitutional question that would arise if we construed [a statute] to deny a judicial forum for constitutional claims." *Bowen v. Mich. Acad. of Fam. Physicians*, 476 U.S. 667, 681 n.12 (1986).

Section 1252(a)(2)(D) was added to the INA after the Supreme Court suggested that "barring review of all legal questions in removal cases could raise a constitutional concern." *Patel v. Garland*, 596 U.S. 328, 339 (2022). In doing so, Congress lifted the bar on judicial review for consideration of legal and constitutional questions that the Supreme Court had previously questioned as problematic. *Id.* The procedure for bringing these claims, however, is confined to claims brought during removal proceedings.

Section § 1252(b)(9) allows for consolidation of "all questions of law and fact…arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter." This "ensures that review of [claims outside of a 'final order'] will now be consolidated in a petition for review and considered by the courts of appeals." *I.N.S. v. St. Cyr*, 533 U.S. 289, 313 n.37 (2001). Review "of a final order of removal 'includes all matters on which the validity of the final order is contingent.'" *Nasrallah v. Barr*, 590 U.S. 573, 582 (2020) (quoting *INS v. Chadha*, 462 U.S. 919, 938 (1983)). "The rulings that affect the validity of the final order of removal merge into the final order of removal for purposes of judicial review." *Id.* With the addition of § 1252(a)(2)(D), Congress has not precluded review of all

13

colorable constitutional claims regarding discretionary decisions like the one at issue here; instead, it has consolidated review of those claims in petitions for review during removal proceedings. *See Britkovyy*, 60 F.4th at 1031 n.\*.

The plaintiffs argue that an immigration judge could only consider Liu's application for adjustment of status, which she could only file if USCIS first approved Nobles's I-130 petition. They argue that because the implementing regulations omit the adjudication of I-130 petitions from immigration judges' jurisdiction, dismissal would deny all review to plaintiffs. However, the plaintiffs are not challenging—and cannot challenge—the discretionary decision to deny the I-130 application. They are challenging the process and standards, under 8 U.S.C. § 1154(a)(1)(A)(viii)(I), that USCIS used to deny the I-130 application. The determination of whether the application of those standards was unlawful or unconstitutional is not the same as adjudicating the I-130 application itself. These questions are properly raised during removal proceedings, because an unconstitutional decision to deny an I-130 application affects the validity of any final order of removal. *Nasrallah*, 590 U.S. at 582. Because the statute reserves judicial review to petitions of review during removal proceedings, I have no jurisdiction to consider the constitutional issues plaintiffs raise here. The claims must be dismissed for lack of subject-matter jurisdiction.[4]

---

[4] Because I lack subject-matter jurisdiction to review the constitutional claims, I do not address defendants' sovereign immunity argument. [12] 10–12.

## IV.    Conclusion

Defendant's motion to dismiss, [11], is granted in part, and counts I–III and V–XIII complaint are dismissed without prejudice for lack of subject-matter jurisdiction. Count IV is dismissed with prejudice for failure to state a claim. Enter judgment and terminate civil case.


ENTER:

Manish S. Shah
United States District Judge

Date: March 19, 2025

15